## SCHATZBERG v. GROSWIRTH.

(Supreme Court, Appellate Term.　June 22, 1903.)

1. BROKERS—COMMISSIONS—CONTRACT—PERFORMANCE—EVIDENCE—BURDEN OF PROOF.

　　Where, in an action to recover a commission, plaintiff relied on an express promise of defendant to pay a commission if plaintiff procured certain premises for him at a price not exceeding a specified sum, and it was shown that plaintiff, as well as other brokers, had been employed by the owner of the property to sell it, and defendant claimed that he acquired the property through the efforts of another broker to whom the owner paid a commission, plaintiff had the burden of establishing by a clear preponderance of the evidence not only the express contract sued on, but also that he procured by his own efforts the premises for defendant.

Appeal from City Court of New York.

Action by Isidore Schatzberg against Ludwig Groswirth.　From a judgment of the City Court in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.　Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Louis Steckler and J. Brownson Ker, for appellant.
Max D. Steuer and Wales F. Severance, for respondent.

FREEDMAN, P. J.　The action was brought by the plaintiff, a real estate broker, to recover for services performed by him at defend-

ant's request in and about the purchase by defendant of certain premises of one Englander. The plaintiff, in his complaint and testimony, relied upon an express promise of the defendant to pay the plaintiff a commission of 1 per cent. upon the amount of the purchase price in case the plaintiff should procure the premises for the defendant at a price not exceeding $73,000. The plaintiff, as well as other brokers, had been employed by Englander to sell the the property. The defendant did acquire the property, but, as he claimed, through the efforts of another broker, one Jacobowitz, to whom Englander paid a commission. The burden was therefore upon the plaintiff to establish by a clear preponderance of evidence not only the express contract sued upon, but also that he procured by his own efforts the premises for the defendant. Upon the latter proposition the evidence appears to preponderate in favor of the defendant, and in the interests of justice there should be a retrial of the issues.

Judgment and order reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.